UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK E. NOEL,

    Petitioner,

v.

WARDEN,

    Respondent.

Case No. 19-cv-03118-EMC

**ORDER TO SHOW CAUSE**

Docket Nos. 1, 3

## I.    INTRODUCTION

Patrick E. Noel, an inmate at the Mendocino County Jail, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. His application to proceed *in forma pauperis* also is before the Court for consideration.

## II.    BACKGROUND

In 2005, Mr. Noel was convicted in Mendocino County Superior Court of attempted murder, two counts of assault with a firearm, unlawful participation in a criminal street gang (*see* Cal. Penal Code § 186.22(a)), endangering a child, two counts of kidnapping, and vehicle theft. Sentence enhancement allegations were found true. He was sentenced to a total of 41 years in prison.

He appealed. The California Court of Appeal affirmed the conviction with a sentence

---

[1] Although Mr. Noel used the form "motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody," the Court construes the document to be a petition for writ of habeas corpus under 28 U.S.C. § 2254 because § 2254 is the proper jurisdictional basis for a habeas petition challenging a state court judgment. If Mr. Noel does not wish to have his filing construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254, he must so inform the Court within thirty days of the date of this order.

1 modification and the California Supreme Court denied review. He also filed unsuccessful state habeas petitions.

Mr. Noel then sought relief in federal court. His first federal petition for writ of habeas corpus was denied by this Court in 2012. *See Noel v. Lewis*, N. D. Cal. No. 08-cv-3777 EMC. On appeal, the Ninth Circuit reversed in part, granting relief on Mr. Noel's claim that his right to due process was violated because the evidence was insufficient to support the conviction for participation in a criminal street gang. *See Noel v. Lewis*, Ninth Cir. No. 12-16679.

As a result of his success in the federal habeas action setting aside the conviction for participation in a criminal street gang, *see* Cal. Penal Code § 186.22(a), Mr. Noel was resentenced. On January 28, 2016, Mr. Noel was resentenced to a total term of 39 years. Docket No. 1 at 76.

After he was resentenced, Mr. Noel sought habeas relief in the state courts. A petition he filed in the Mendocino County Superior Court was denied on April 25, 2017. Docket No. 1 at 89-96. A petition he filed in the California Court of Appeal was denied on December 28, 2017, with numerous citations to procedural bars. Docket No. 1 at 103. The California Supreme Court summarily denied a petition for writ of habeas corpus from Mr. Noel on November 14, 2018, in *Noel (Patrick E.) on Habeas Corpus*, Cal. S. Ct. No. S247350.

Mr. Noel then filed this action.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Mr. Noel asserts the following claims in his petition. First, he contends that his due

process right to a fair trial was violated by the admission of gang evidence. Second, he contends that there was a *Brady* violation in that the prosecution withheld material exculpatory or impeachment evidence regarding "the note[s] and investigation on Simmerson." Docket No. 1 at 22. Third, he contends that his Sixth Amendment right to counsel was violated because trial counsel failed to do the several things described in the petition. *Id.* at 25-28. Fourth, he contends that attorney Thompson provided ineffective assistance of counsel at the January 28, 2016 resentencing. *Id.* at 28 (citing *United States v. Cronic*, 446 U.S. 648 (1984)). Fifth, he claims that the superior court's denial of his habeas petition was an "unreasonable determination of facts." *Id.* at 31. This "claim" is merely argument in support of the first claim and does not articulate a separate constitutional violation. Sixth, he claims that his rights under the Sixth Amendment's Confrontation Clause were violated by the admission of case-specific testimonial hearsay by a gang expert. *Id.* at 37. Liberally construed, these claims (other than the fifth claim) are cognizable in a federal habeas action and warrant a response.

The rule that a petitioner must obtain permission from the United States Court of Appeals to file a second or successive petition, *see* 28 U.S.C. § 2244(b)(3), does not apply here. Even though many of Mr. Noel's claims pertain to the trial in 2005, rather than the resentencing in 2017, and Mr. Noel filed a first federal petition for writ of habeas corpus in 2008 to challenge the conviction, the resentencing resulted in an amended or new judgment so he gets a new round of habeas challenges. A federal habeas petition filed after an amended or new judgment is entered upon a resentencing that follows an earlier federal habeas petition is not a "second or successive petition" for which permission must be obtained under 28 U.S.C. § 2244(b)(3). *See Wentzell v. Neven*, 674 F.3d 1124, 1126-27 (9th Cir. 2012) (citing *Magwood v. Patterson*, 130 S. Ct. 2788 (2010). Although *Magwood* left open the question of whether a petitioner could challenge errors at the original trial in such a petition, the Ninth Circuit has held that such claims may be asserted. *Wentzell*, 674 F.3d at 1127. "'[W]here a first habeas petition results in an amended judgment, a subsequent petition is not successive,' even if its claims could have been raised in a prior petition or the petitioner 'effectively challenges an unamended component of the judgment.'" *Id.* (quoting *Johnson v. United States*, 623 F.3d 41, 44 (2d Cir. 2010). "[P]rocedural default rules—rather than

3

the rules governing 'second or successive' petitions—are the more appropriate tools for sorting out new claims from the old. *Id.*

The 2017 decisions of the Mendocino County Superior Court and the California Court of Appeal cited several procedural bars in rejecting Mr. Noel's claims. Given the number of procedural bars cited, Respondent may prefer to file a motion to dismiss to address any procedural concerns (e.g., procedural default or exhaustion) before filing an answer to the petition. That approach is permissible. *See White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (motion to dismiss is a proper pleading in a habeas action).

### IV. CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for federal habeas relief and warrants a response.

2. The Clerk shall serve a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **January 17, 2020,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of any court proceedings that have been previously transcribed – *including the 2005 trial transcript --* and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse and serving it on Respondent on or before **February 14, 2020**.

5. If Respondent chooses to file a motion to dismiss before filing an answer, the following briefing schedule applies: Respondent must file and serve his motion to dismiss on or before **January 17, 2020.** Respondent must file with the motion a copy of all portions of any court proceedings that have been previously transcribed – *including the 2005 trial transcript --* and that are relevant to a determination of the issues presented by the motion. If Respondent files

a motion to dismiss, Petitioner must file and serve his opposition to that motion on or before **February 14, 2020**. Respondent must file and serve his reply, if any, no later than **February 28, 2020**.

6. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Petitioner is cautioned that he must include the case name and case number for this case on any document he files in this case.

7. The *in forma pauperis* application is **GRANTED**. Docket No. 3.

**IT IS SO ORDERED**.

Dated: November 25, 2019

_____
EDWARD M. CHEN
United States District Judge